# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JANE DOE,   )<br>          Plaintiff,   )<br>   )<br>v.   )<br>   )<br>LAW SCHOOL ADMISSION COUNCIL, INC.,   )<br>          Defendant.   )<br>**SERVICE**   )<br>Registered Agent   )<br>The Corporation Trust Company   )<br>1209 N Orange St,   )<br>Wilmington, DE 19801   )<br>   )<br>_____   ) | Case No: _____<br><br>**JURY TRIAL DEMANDED**<br><br><br>**April 19, 2023** |

## COMPLAINT
### FEDERAL QUESTION CIVIL RIGHTS

### JURISDICTION, VENUE AND PARTIES

1. The Plaintiff, Jane Doe, is a qualified individual with disabilities within the meaning of the  Section 504. 28 C.F.R. § 35.130(g) and is a legal resident of Washington D.C.

2. At all times relevant to this complaint, Plaintiff Jane Doe is a "person" within the meaning of  Section 504. Section 504. 28 C.F.R. § 35.130(g).

3. That the Defendant Law School Admission Council (LSAC), is a business establishment in the State of Pennsylvania. LSAC offers and administers its LSAT at multiple locations across the USA several times a year.

1

4.  I reserve the rights and all protections of all laws that help my case that I would be legally entitled to if I was a lawyer with the skills and training to plead this complaint

## FICTITIOUS NAME PARTICIPATION

This is a complaint related to Doe v. L. Sch. Admission Council, Inc., No. CV 16-3261, 2017 WL 4742475, at *2 (E.D. Pa. October 20, 2017), remanded, 791 F. App'x 316 (3d Cir. 2019). Which the FICTITIOUS NAME PARTICIPATION motion was already approved for the reasons described below.

The LSAT is required for admission to any ABA-accredited law school. Plaintiff, Jane Doe wishes to participate in this litigation anonymously. Jane Doe seeks to retain her privacy interest in the details of her disability and need for testing accommodation. Jane Doe has expressed a legitimate fear of negative professional ramifications should her true name be associated with this litigation. Plaintiff also has an interest in eliminating bias and enhancing diversity in the legal profession, and in furtherance of this interest, the testing process for entry into law school should not be an obstacle to the full and equal participation of individuals with disabilities in the legal profession. Ensuring that law school admissions reflect the diversity of our society affects not only students with disabilities but also their would-be classmates, who benefit from the presence of those perspectives in the classroom. The legal profession as a whole, and the society which it serves, stand to be negatively affected by practices that result in the unfair exclusion of individuals with disabilities; therefore, a motion requesting the court's permission to proceed under a fictitious name for  Plaintiff Jane Doe is filed concurrently with this complaint.

**REQUEST FOR REASONABLE ACCOMMODATION UNDER THE AMERICANS
WITH DISABILITIES ACT**

I, the above-named Plaintiff is a person with disabilities as defined by the Americans with
Disabilities Act; The Accommodates I am requesting to be appointed counsel for this case
because my disability makes it difficult for me to effectively write complaints.

## Background

I am a developmentally disabled person as defined under The Americans with Disabilities
Act. On July 20, 2016, I filed a complaint, *Doe v. L. Sch. Admission Council, Inc.*, No. CV
16-3261, 2017 WL 4742475 (E.D. Pa. October 20, 2017).

On October 20, 2017, with no discovery and no "meaningful" access to the court, this
court unlawfully dismissed my Federal Question complaint for lack of subject-matter jurisdiction
and failure to state a claim under Fed. R. Civ. P. 12(b)(1), (6). The district court held- (summary
judgment,) "*A factual challenge, though not applicable herein,* "*is an argument that there is no
subject matter jurisdiction because the facts of the case—and here, the District Court may look
beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction.*"
Constitution Party, 757 F.3d at 358." *Doe v. L. Sch. Admission Council, Inc.*, No. CV 16-3261,
2017 WL 4742475, at *2 (E.D. Pa. October 20, 2017), remanded, 791 F. App'x 316 (3d Cir.
2019). At that time, I did not know or understand what "lack of subject-matter jurisdiction and
failure to state a claim" meant as a pro se; I just knew it was not Constitutional. *"The District
Court dismissed Doe's complaint as not yet ripe. And the Council argues that Doe's complaint is*

moot. **Both are mistaken**. *As to future LSATs, Doe's claims are ripe and not moot. So the District Court had subject-matter jurisdiction, as do we.*" *Doe v. L. Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019). Furthermore, the court refused to allow me leave to amend to fix the legal errors listed by the defendant's four highly trained Ivy League lawyers in their motion to dismiss. At that time, I did not know I had a legal right to amend within 21 days of the defendant's motion to dismiss, without leave from the court under Rule 15(a). I asked the court leave to amend once, and I was denied. *"Rule 15 permits a court to grant a party leave to amend its pleadings, see Fed. R. Civ. P. 15(a)(2), and such leave should be freely given "when justice so requires." Doe v. L. Sch. Admission Council, Inc., Id.* at 4. *The Third Circuit has instructed courts that where a complaint is **vulnerable** to a Rule 12(b)(6) dismissa*l. *Id.* A complaint can not be more vulnerable than a disabled pro se against four highly trained Ivy League lawyers, a clear case of David vs. Goliath. The district court failed to obey the controlling law that has been the law of the land for over 50 years, under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). Accordingly, "pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court restricted my case to only the statutes I asserted despite the lack of legal knowledge to plead the complaint to *Ashcroft v. Iqbal 556 U.S. 662 (2009) standard, a* highly trained lawyer standard.

Therefore, as rights governed by the Supreme Court under *Estelle* and *Hanies* and this court own local rule. I hereby submit this complaint with a short and plain statement of facts without pleading any laws or elements. I reserve the rights and all protections of all Federal, State and local laws that help my case that I would be legally entitled to if I was a lawyer with

the skills and training to plead this complaint as a highly skilled lawyer, except for Title III of the

ADA. See 42 U.S.C. §§ 2000a-3(a), 12188(a)(1); If damages are not available under that Act.

# Facts

Law School Admission Council has been violating my rights for reasonable

accommodation since 2008. My first settlement agreement with LSAC was in March 2015. I was

one of many students in the class. LSAC agreed to stop violating the ADA and paid million

dollars to the students they harmed. *See Dep't of Fair Empl. & Hous. v. Law Sch. Admission*

*Council, Inc.*, 2013 U.S. Dist. LEXIS 16942, 2013 WL 485830. After the first settlement

agreement, I registered to take the LSAT, hoping LSAC would follow the settlement agreement

and the 2015 Justice Department's guidelines. (The Justice Department fined LSAC for violating

the ADA.) However, once again, LSAC violated ADA and denied my accommodation request. I

filed a lawsuit against LSAC, and I notified The Department Of Fair Employment and Housing

about LSAC unlawful actions. The Department Of Fair Employment and Housing investigated

and filed an injunction. The Department Of Fair Employment and Housing won their injunction

and damages. Due to unlawful barriers by the district court, I did not have the same access to the

court as Dept of Fair Empl. Thankfully the 3rd Circuit stopped the district court's unlawful

actions, and I finally received justice in November 2019.

On January 20, 2020, after winning the appeal in the related case *Doe v. L. Sch.*

*Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019)., LSAC quickly settle the case.

However, due to my disability status and economic status, LSAC once again took advantage of

me, knowing I could not afford to enforce my rights and knowing nobody cares about

developmentally disabled people; therefore we are constantly victimized. Once again, on April

09, 2021, and on April 22, 2021, the LSAC violated the 2nd settlement agreement by refusing to

allow me to take the LSAT with the agreed-upon accommodations See: **Ex. B**. "Settlement

Agreement section (b) and (c)." See: **EX. A**

For the LSAT Multiple-choice Sections:

**(b) Permission to use screen-reading software (to be provided by Jane Doe)**

**(c) An electronic/HTML version of the test to be provided (Jane Doe).**

      I was not allowed to use the screen reader that I was trained to use. I was ordered to buy a

screen reader that was compatible with their non-electronic/HTML version of the LSAT. My

expensive screen reader was compatible with LSAC's electronic/HTML version of the LSAT

only. That is why the electronic/HTML version of the LSAT was required for the settlement

agreement. I was forced to take the test on April 9, 20221, without the non-electronic/HTML.

The screen reader did not work properly. I started crying uncontrollably. I suffered a panic attack.

All my hard work was wasted. I have been studying for the LSAT for 13 years. However, after

the settlement agreement, I was studying for 25- 30 hours a week, I had an expensive tutor. I

finally saw my dreams of becoming a lawyer coming true. While taking the test without the

agreed-upon accommodations, all I saw was my dreams going up in smoke. All my practice

exams were on an electronic/HTML format. My screen reader would not work on the April 9,

2021 LSAT. I called an attorney from Color of Law Center. The attorney said LSAC agreed to

allow me to retake the LSAT on April 22, 2021 with more time as the ONLY option. Not the

terms stated in the settlement agreement (b) (c). With no choice, I was forced again to take the

non- electronic/HTML format version of the LSAT on April 22, 2021. Going to court to enforce

my settlement agreement would have taken to long. If I did not take the LSAT in April I would

miss the Fall 2021 law school admissions cycle. I had no choice. I retook the LSAT on April 22,

2021 without the agreed-upon settlement terms. My screen reader did not work properly, and the

extra time did not help. April 22, 2021, was worthless. This violation prevented me from

enrolling in the Fall 2021 class.

The only way to enforce the settlement agreement is to sue LSAC once again. All my

attempts to enforce the settlement agreement fell on deaf ears; therefore, I was forced to pay

Color of Law Center $7,000 on April 29, 2021, to receive:

1.  The agreed-upon accommodation

2.  2. Remove barriers by LSAC for additional accommodations.

 CLC handled all communication from LSAC from approximately April 2021 - May 2022.

Therefore, I am entitled to actual and punitive damages under the applicable civil rights laws.


**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays that this Court grants her the following relief:**

I.   Award compensatory damage to Plaintiff in an amount no less than $100,000.00 that would

     fully compensate Plaintiff for the loss of opportunity cost, humiliation, frustration,

     embarrassment, and emotional distress, that they have suffered and continue to suffer as a

     result of the discriminatory conduct alleged herein;

II.  Award actual and punitive damages to Plaintiff in an amount to be determined by the jury

     That would punish Defendant for the willful, wanton, and reckless conduct alleged herein and

     that would effectively deter similar conduct in the future;

III. For an award of reasonable attorney's fees and costs;

IV. Prejudgment interest on any pecuniary awards provided;

V. For such other and further relief to which Plaintiff may show herself justly entitled.

**DEMAND FOR JURY TRIAL**

**PLAINTIFF REQUEST TRIAL BY JURY AS TO ALL ISSUES IN THIS CASE**

Respectfully Submitted,

/s/

_____ Date: April 19, 2023

Jane Doe, Pro Se
4301 50th Street NW Suite 300 #1140
Washington, DC 20016
bellah29@gmail.com
(203) 539-1650

# EXHIBIT A

# SETTLEMENT AGREEMENT

WHEREAS, ▮▮▮▮▮▮▮▮▮▮▮▮ filed a lawsuit on June 13, 2016 against the Law School Admission Council ("LSAC") in the U.S. District Court for the Eastern District of Pennsylvania, No. 2:16-cv-03261-NIQA, captioned *Jane Doe v. Law School Admission Council, Inc.* (the "Lawsuit"); and

WHEREAS, ▮▮▮▮▮▮▮ alleges in the Lawsuit that LSAC violated the Americans with Disabilities Act ("ADA") in connection with its review and denial of her request(s) for accommodations on the Law School Admission Test ("LSAT"); and

WHEREAS, LSAC denies that it violated the ADA or any other federal or state law in handling or denying any request for testing accommodations by ▮▮▮▮▮▮▮, or in establishing policies and procedures for examinees who wish to request accommodations on the LSAT; and

WHEREAS, following an appeal in the Lawsuit, ▮▮▮▮▮▮▮ provided documentation from a medical professional in support of her request for accommodations on the LSAT, and LSAC subsequently approved certain accommodations for ▮▮▮▮▮▮▮.

WHEREAS, in light of this development and in the interest of achieving a prompt and amicable resolution of their dispute, ▮▮▮▮▮▮▮ and LSAC (each a "Party," and collectively the "Parties") have agreed to settle the Lawsuit, on the terms provided herein;

NOW, THEREFORE, in consideration of the terms provided herein, the Parties hereby agree as follows:

1.      This agreement (the "Agreement") settles disputed claims and shall not be construed as an admission of liability or a violation of any rights under the ADA, its implementing regulations, or any other federal, state or local laws or regulations.

2.      On or before January 31, 2020, the Parties shall file a Stipulation of Dismissal of the Lawsuit with prejudice by filing a Notice of Dismissal, the form of which is attached hereto as Exhibit A and incorporated herein by reference.

3.      For any LSAT that ▮▮▮▮▮▮▮ takes subsequent to the effective date of this Agreement, and subject to ▮▮▮▮▮▮▮ submitting a timely request for accommodations (without the need for re-submitting supporting medical documentation), LSAC will provide the following accommodations, which ▮▮▮▮▮▮▮ acknowledges to be reasonable with respect to any functional limitations that she currently experiences as the result of any impairment:

## For the LSAT Multiple-choice Sections

(a) 100% extra testing time

(b) Permission to use screen-reading software (to be provided by ▮▮▮▮▮▮▮)

(c) An electronic/HTML version of the test (to be temporarily placed by a test Supervisor onto a personal computer to be provided by ▮▮▮▮▮▮▮)

**For the LSAT Writing Section**

(a)  100% extra testing time

(b)  Permission to use screen-reading software (to be provided by ▓▓▓▓▓▓▓)

The computer-based LSAT Writing test will be administered to ▓▓▓▓▓▓ online through secure proctoring software that she installs on her own computer.

4.      LSAC will provide ▓▓▓▓▓▓ a testing fee waiver for the February 2020 LSAT.  In addition, ▓▓▓▓▓▓ may take one additional LSAT with no testing fee within two years of the effective date of this Agreement.

5.      ▓▓▓▓▓▓ will also receive a fee waiver for one Credential Assembly Service ("CAS") registration, which will include processing any letters of recommendation that she obtains and the submission of up to six (6) CAS reports to law schools to which she applies.

6.      Except as otherwise expressly provided herein, ▓▓▓▓▓▓ is subject to LSAC's standard policies and procedures relating to the LSAT, including the standard requirements for registering to test and requesting Credential Assembly Services, and will be responsible for payment of any related fees unless she qualifies for a fee waiver under LSAC's standard policies. Except for the above-stated accommodations, the LSAT will be administered to her under the same conditions that it is administered to individuals who do not receive accommodations.

7.      ▓▓▓▓▓▓'s scores on the LSAT will be reported in the same manner as scores of other examinees.

8.      Each Party will bear its own costs and expenses incurred in connection with the Lawsuit, including attorneys' fees.

9.      ▓▓▓▓▓▓ hereby waives and releases all claims that she has or may have against LSAC or its officers, attorneys, consultants, or employees, whether known or unknown, and whether sounding in statute, contract, tort, or otherwise, relating in any way whatsoever to her request(s) for accommodations on any LSAT exam or LSAC testing accommodation policies. This Agreement constitutes a full and final settlement and general release by ▓▓▓▓▓▓, enforceable by LSAC against ▓▓▓▓▓▓ and anyone purporting to act on her behalf.  This release does not apply, however, to any claims relating to the enforcement of this Agreement, or to ▓▓▓▓▓▓s right, if any, to receive a payment under any ruling that has been made by any other court prior to the effective date of this Agreement.

10.      This Agreement constitutes the entire agreement between the Parties on the subject matter addressed herein.  It may be amended only by a writing signed by both Parties.

# EXHIBIT B

 Gmail

## Legal Notice of ADA violation

████████████████████████                                              Fri, Apr 2, 2021 at 8:57 AM
To: accessibility@lsac.org, Accom Testing <Accom@lsac.org>, Phylicia Pearson <phylicia@coloroflawcenter.org>
Bcc: ████████████████████████

I want clarification from LSAC if I am required to buy **dragon software** or **kurzweil 3000 software**. I have the same features of my MacBook Pro for "voice to text" and "text to speech." My computer was approved for **LSAT** but for *LSAT Flex* will it  work **"Proctoru?"**

I asked this question **five days ago,** I got this reply below which does not answer my question. I sent another email **three days ago** but LSAC is ignoring my question.

I wanted an answer before I attempted to do the written sample which is due tuesday.

cc;
Phylicia D.C. Pearson Esq

---------- Forwarded message ---------
From: **Accom Testing** <Accom@lsac.org>
Date: Mon, Mar 29, 2021 at 4:09 PM
Subject: RE: Accommodation
████████████████████████

Dear ████

LSAC is committed to ensuring that LSAT Writing is accessible to everyone. We have strived to make LSAT Writing is WCAG 2.0 AA compliant, so most peripherals and software used to interact with the Internet should be compatible and are permitted for all LSAT Writing candidates without prior approval (e.g., JAWS, ZoomText, Kurzweil 3000, VoiceOver, and speech recognition software). Individuals with disabilities may request test accommodations for LSAT Writing including, but not limited to, additional test time and alternate test formats to ensure the results are an accurate reflection of the individual's writing skills.

Please refer to the link below regarding recommended browers, browser settings and screen readers.

https://www.lsac.org/general/lsacu-training/lsat-writing/story_content/external_files/navigation-instructions-20200623.htm#ScreenReaders

In addition you may email accessibility@lsac.org if you need assistance with your screen reader software.

Sincerely,

Susan

Accommodated Testing

Law School Admission Council

Email: accom@lsac.org
Phone: 855.384.2253


Visit our website www.lsac.org for detailed information about LSAC's Accommodated Policies and Forms. All documentation and inquiries should include your name and LSAC account number.


We advise candidates to submit documentation well in advance of the published registration deadlines. The receipt deadline for all information regarding a request for accommodations is the deadline associated with a candidate's registration for an administration of the LSAT.


If your request is not approved in full, a decision letter will be posted to your online account that explains the rationale for LSAC's decision. You will have 2 business days after this letter is posted to your online account to notify LSAC that you intend to appeal. You will have four calendar days after the letter is posted to your online account to submit an appeal to LSAC. The result of the appeal will be provided within one week of the submission of the appeal.


Candidates should visit their LSAC online account for the current status of his/her request for accommodations; it is available under Account Status. For immediate assistance, please call Accommodated Testing at 855-384-2253 and a customer relationship specialist would be happy to assist you. Call center hours are Monday to Friday: 8:30 am to 8:00 pm (ET); and Saturday and Sunday: 12:00 pm to 4:00 pm (ET). Note that **Holiday hours** may differ from those listed.

**Sent:** Sunday, March 28, 2021 5:13 PM
**To:** Accom Testing <Accom@lsac.org>
**Subject:** Accommodation


My Mac computer has "speak to text" software however I believe the" lsat writing video" says I can only use **dragon software** and **kurzweil 3000 software**. Which cost a lot of money.


Will I be able to use my mac text to speech or by dragon. Please advise.

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| ▄▄▄▄▄▄▄▄▄▄▄ | |
| **DEFENDANT** LAW SCHOOL ADMISSION COUNCIL, INC. | TYPE OF PROCESS **COMPLAINT** |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | LAW SCHOOL ADMISSION COUNCIL, INC. |
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* |
| | The Corporation Trust Company 1209 N Orange St, Wilmington, DE 19801 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| CLC 4301 50th Street NW Suite 300 #1140 Washington, DC 20016 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Fold                                                                                                 Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 203 539-1658 | DATE 4/19/23 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ____ | District to Serve No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) **$0.00** |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

**DISTRIBUTE TO:** 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13